1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  GREGORY A. OTT
   Deputy Attorney General
5  CATHERINE A. RIVLIN
   Supervising Deputy Attorney General
6  State Bar No. 115210
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-7004
    Telephone: 415-703-5977
8   Fax:  415-703-1234
    Email: catherine.rivlin@doj.ca.gov
9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **MARK E. HAMANN,**<br><br>                              Petitioner,<br><br>      v.<br><br>**KEN CLARK, Warden,**<br><br>                              Respondent. | C 07-06008 TEH (PR) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE PETITION FOR WRIT OF HABEAS CORPUS**

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  GREGORY A. OTT
   Deputy Attorney General
5  CATHERINE A. RIVLIN
   Supervising Deputy Attorney General
6  State Bar No. 115210
    455 Golden Gate Avenue, Suite 11000
7   San Francisco, CA 94102-7004
    Telephone: 415-703-5977
8   Fax: 415-703-1234
    Email: catherine.rivlin@doj.ca.gov
9  Attorneys for Respondent

10                IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

| | |
|---|---|
| **MARK E. HAMANN,** | C 07-06008 TEH (PR) |
| Petitioner, | **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| **KEN CLARK, Warden,** | |
| Respondent. | |

## INTRODUCTION

Petitioner, Mark E. Hamann, was convicted by negotiated plea of guilty to mayhem and false imprisonment by violence and sentenced to four years, eight months in state prison. He raises on federal habeas corpus the same issues he raised by petition in the California courts: (1) counsel provided ineffective assistance of counsel in advising him to enter the plea; (2) his due process and fair trial rights were violated when false evidence was admitted at the sentencing hearing; and (3) the trial court failed to advise him in advance of the plea that he would be limited to only 15 percent good time credit reductions as a consequence of entering a plea of guilty to mayhem. The California courts reasonably rejected these claims.

///

Mem. Of Points & Auth. In Opp. To The Petition For Writ Of Habeas Corpus - *Hamann v. Clark*, C 07-06008 TEH (PR)

1

## STATEMENT OF THE CASE

A first amended complaint filed in Marin County charged petitioner, Mark Edward Hamann, with four felonies: mayhem, assault with intent to commit rape, false imprisonment by violence, and residential burglary. CT 5-9. On November 28, 2005, petitioner entered a plea of guilty to mayhem (Cal. Penal Code § 203) and false imprisonment by violence (Cal. Penal Code § 236), with the understanding that the other counts would be dismissed with *Harvey* waivers.[1] 1RT 1-17. Prior to entering the plea, he was admonished orally and signed and acknowledged a written plea advisement and waiver of rights form. CT 10-12. The plea was open to the court on sentencing, with an indicated maximum sentence of eight years, eight months. 1 RT 6. The parties stipulated to a factual basis for the plea contained in the search warrant affidavit, the statement of probable cause, a bail affidavit, and medical records. 1 RT 12-13.

A lengthy sentencing hearing took place on February 21, 2006. The parties argued the question of whether California Penal Code section 654 applied. 2 RT passim. The court sentenced petitioner to state prison for a total term of four years, eight months, consisting of the middle base term of four years for mayhem, with a consecutive one-third midterm of eight months for false imprisonment by violence. CT 145; 2 RT 50-51.

Petitioner filed a timely notice of appeal "based on the sentence or other matters occurring after the plea" on March 1, 2006. CT 150.

Petitioner appealed, raising a single issue, that his consecutive sentence was precluded by California Penal Code section 654, prohibiting multiple punishment for a single criminal act or omission. Exh. C1, Appellant's Opening Brief, *People v. Hamann*, A113181. The People responded. Exh. C2, Respondent's Brief, *People v. Hamann*, A113181. Petitioner filed a reply. Exh. C3, Appellant's Reply Brief, *People v. Hamann*, A113181. His judgment was affirmed by the California Court of Appeal on February 2, 2007. Exh. C4, Opinion, *People v. Hamann*, A113181. Petitioner did not seek review and has not pursued that issue before this Court.

Petitioner raised the three issues pursued here by way of original habeas corpus petitions

---

1. *People v. Harvey,* 25 Cal.3d 754 (1979).

in the Marin County Superior Court and the California Court of Appeal, and a petition for review to the California Supreme Court. Exhs. D, E, and F.

The instant petition was filed November 28, 2007. This Court issued an order to show cause on March 27, 2008.

## STATEMENT OF FACTS[2]

The California Court of Appeal summarized the facts as follows:

> Defendant and Jane Doe dated for a period of two years. On the evening of August 19, 2005, they were arguing and the police responded to Doe's call for help. The police found that both parties were under the influence and directed defendant to leave. Doe called the police again later that evening. This time she reported that defendant entered her apartment without permission and took her car.
>
> At 5:10 the following morning, the police responded to defendant's apartment after receiving a call from a neighbor who heard screaming coming from the residence. There was no response at the door but the police could hear a repetitive knocking sound and a woman screaming. The police forced entry into the apartment and found Doe in the hallway with her back against the wall. Her face was covered in blood and she had duct tape partially covering her mouth. She told the police that defendant tried to kill her and that he attempted to sexually assault her. Defendant was arrested and when advised of the charges, said, "attempted murder? I'm going to kill that cunt!"
>
> The police took Doe to the hospital where she was treated for blunt facial trauma, jaw contusion and a one-inch laceration under her tongue. She told the attending nurse that defendant punched her in the face, shoved a towel and plastic bag in her mouth and applied duct tape to her mouth. She said that if the neighbor had not called the police defendant would have been able to sexually assault and kill her.
>
> Doe reported to the police that after going to bed that evening, she was awakened by defendant who was pulling things out of her dresser. Defendant demanded sex. When she refused, he knocked her to the floor of the bedroom and pinned her arms to the floor. He began punching her about her face and choking her. He also pressed his thumbs onto her eyes and told her he was going to blind her.
>
> Doe began to scream but defendant continued to punch her and began slamming her head against the floor. Defendant threatened to rip her tongue out if she did not stop screaming. Defendant grabbed her tongue and began pulling her tongue out of her mouth. he stuffed socks or towels into her mouth and used duct tape to tape her mouth shut. He also tried to pull down her pajama bottoms but she continually kicked and screamed.

Exh. C4, Opinion of the Court of Appeal, pp. 1-2

---

2. For a more detailed statement of facts with record citations, the Court is guided to Exhibit C2, Respondent's Brief, pp. 2-4.

Mem. Of Points & Auth. In Opp. To The Petition For Writ Of Habeas Corpus - *Hamann v. Clark*, C 07-06008 TEH (PR)

3

**ARGUMENT**

**I.**

**TRIAL COUNSEL WAS NOT INEFFECTIVE**

Petitioner contends that he was deprived of the effective assistance of counsel when his trial attorney advised him to accept the negotiated plea. He makes two broad assertions: (1) that he never fully understood the nature of the charges or the consequences of his plea; and (2) that his attorney "refused to seek the suppression of fabricated evidence" which was then used by the prosecution at the sentencing. However, neither of these assertions is supported by sworn declarations. The first ground, regarding admonishments, is directly contradicted by the plea waiver form signed by petitioner. The second ground refers to evidence to which there was no objection at trial and which is part of the stipulated factual basis for the plea. In denying the petition for writ of habeas corpus at the superior court level, Judge Simmons explained: "The burden is on petitioner to establish a prima facie case for relief. He has failed to do so." A broad assertion, for which no factual support is offered, and which is completely refuted by the trial court record, is not a basis upon which habeas corpus relief can be based.

**A.   The Standard Of Review**

Under AEDPA, a federal court may grant a writ of habeas corpus to a state prisoner only if the state court's rulings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were "based on an unreasonable determination of the facts in light of the evidence presented" in the state courts. 28 U.S.C. § 2254(d).

Under the "contrary to" clause, a state court's decision is contrary to federal law if it "contradicts the governing law set forth in our [United States Supreme Court] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Early v. Packer*, 537 U.S. 3, 11 (2002) (per curiam). That test does "not require citation of our cases -- indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,*

1   537 U.S. at 8.

2   The state courts are presumed to "know and follow the law," and the standard for evaluating state-court rulings, which are given the "benefit of the doubt," is "highly deferential." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). In order to warrant habeas corpus relief, the state court's application of clearly established federal law must be not merely erroneous or incorrect but "objectively unreasonable." *Williams v. Taylor*, 529 U.S. at 409. It is the habeas petitioner's burden to make that showing. *Id.* Also, state court factual determinations are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

   To show ineffective assistance of counsel, petitioner bears the burden of establishing constitutionally deficient performance and a reasonable probability that but for the errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 693-95, 688 (1984); *Furman v. Wood*, 190 F.3d 1002, 1008 (9th Cir. 1999) (*Strickland* is the clearly established federal law). The question upon federal review by habeas corpus is not whether petitioner has shown ineffective assistance of counsel, but whether the state court's rejection of the claim was objectively reasonable. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (per curiam); *Furman v. Wood*, 190 F.3d at 1008.

   Ordinarily the federal court looks to the ruling of the highest state court to issue a reasoned decision addressing the merits of the petitioner's claim to determine if it is objectively reasonable under AEDPA. *LaJoie v. Thompson*, 217 F.3d 663, 669 n.7 (9th Cir. 2000). In this case, the state Supreme Court denied the petition for writ of habeas corpus, without comment. This Court looks through to the written opinion of the Superior Court of Marin County on the ineffective assistance of counsel issue raised on habeas corpus. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991). Deference is due the ruling of the Superior Court that petitioner "failed" to "establish a prima facie case for relief." Exh. F2, Order. *Franklin v. Johnson*, 290 F.3d 1223, 1233 n.3 (9th Cir. 2002); *Correll v. Stewart*, 137 F.3d 1404, 1417 (9th Cir. 1998). This court thus defers to the judgment of the Marin County Superior Court that petitioner has failed to state a claim upon which habeas corpus relief based on ineffective assistance of counsel can be based.

///

Mem. Of Points & Auth. In Opp. To The Petition For Writ Of Habeas Corpus - *Hamann v. Clark*, C 07-06008 TEH (PR)

5

**B.   Not Only Is Petitioner's Claim Not Supported, It Is Directly Contradicted By The Record**

Petitioner's specific claim, as derived from the state court petitions, at least, is that counsel was ineffective because petitioner did not understand that by entering a plea of guilty to mayhem he made himself ineligible for the good time/work time credit scheme permitting two credit days for every four days of actual time, the so-called 50 percent credits. Instead he was required to serve 85 percent of his sentence. There are several problems with this claim. Petitioner makes unsworn assertions in the petition that he lacked understanding, but he has provided no evidence concerning the extent of the admonitions he was given by counsel prior to the plea. The record shows petitioner initialed the following statement on his plea of guilty form: "My attorney has explained the possible sentence and sanctions which could be imposed as a result of my plea of guilty. I understand that as a result of my plea of guilty I may be sentenced and sanctioned as follows: Count 1: 2, 4 or 8 years state prison; Count 3: 16 months, 2 , or 3 years state prison." CT 10. There was certainly no promise, nor could there have been, that petitioner would get one kind of credit calculation and not another. These matters are statutory and non-negotiable. Indeed he was not made any promises about credits at all, so petitioner had no reason to assume or even hope that he would be treated as a non-violent offender when it came to sentence credits. Mayhem is an enumerated 85 percent sentence offense. Mayhem is listed in California Penal Code section 667.5(c) as a "violent offense." On a common sense level, pulling on someone's tongue in an effort to remove it from the mouth, requiring suturing to repair it, is a crime of violence. By statute those convicted of "violent offenses" can earn no more than 15 percent credits, so they serve 85 percent of the time to which they are sentenced. Cal. Penal Code, § 2933.1(a) (Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933). Petitioner pleaded guilty to a violent offense.

Moreover, petitioner was admonished he could be sentenced to up to 8 years on the first count and up to three years on the second. To say that he was not made aware he might have to serve the equivalent of 85 percent of four years and eight months in state prison is an absurdity. The

Mem. Of Points & Auth. In Opp. To The Petition For Writ Of Habeas Corpus - *Hamann v. Clark*, C 07-06008 TEH (PR)

6

rate at which sentence credits accrue is at most a collateral consequence of a plea. *People v. Barella*, 20 Cal.4th 261, 271-72 (1999). Failure to advise of collateral consequences of a plea is not ineffective. *United States v. Fry*, 322 F.3d 1198 (9th Cir. 2003), citing *Torrey v. Estelle*, 842 F.2d 234, 237 (9th Cir. 1988); *United States v. Banda*, 1 F.3d 354 (5th Cir. 1993); *United States v. Del Rosario*, 902 F.2d 55 (D.C. Cir. 1990). Petitioner was told he could serve up to 11 years.

Even if counsel had induced petitioner to plea by means of a guarantee that petitioner would get non-violent offense worktime credits, and there is absolutely no evidence that he did, it would not merit relief. Relief can only be based on a "gross mischaracterization" of the sentence options inducing a plea to the petitioner's prejudice. *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986); *see also Chacon v. Wood*, 36 F.3d 1459, 1464-65 (9th Cir. 1994). Petitioner's options were to go to trial on four counts, including the burglary and assault with intent to commit rape counts, facing a much longer consecutive sentence, or to accept a plea to two counts with a maximum term of eight years on one count and three years on the other. Whether he would receive two days goodtime credit for every four days served or only 15 percent goodtime credits for each period served, the plea was a good deal and the midterm sentencing result petitioner got was particularly beneficial. A four-year, eight-month sentence, even if he had to serve most of it, was modest in comparison to what he was warned he could get and in comparison to what he faced if he went to trial on all four counts. A conviction of mayhem remained a certainty, given his statements and the condition of the victim's tongue. Petitioner could not have been prejudiced, since he would have been convicted of mayhem either way. Given petitioner faced serving 85 percent of a sentence based on four counts or 85 percent of a sentence based on two counts, he would have taken the deal even if the sentence credit limitation for violent offenses had been explained to him in excruciating detail.

**C. The Evidentiary Issue, Also Completely Unsupported, Is Contradicted By The Record**

Petitioner's second broad assertion is that counsel was ineffective for failing to move to suppress the crime scene photographs of the victim as the police found her. The photographs were part of the police reports which were part of the stipulated basis for the plea. Petitioner, who

Mem. Of Points & Auth. In Opp. To The Petition For Writ Of Habeas Corpus - *Hamann v. Clark*, C 07-06008 TEH (PR)
7

asserted through counsel over and over again during the sentencing proceedings that he blacked out and did not remember that night at all (*see* CT 18-19), now asserts the crime scene photographs were "fabricated." His unsworn expression of concern about fabrication is not evidence and the record certainly shows that both parties and the court accepted the photographs as part of the factual basis for the plea. The photographs were taken by police before the paramedics arrived so that they could memorialize the victim's precise position and condition when they found her, before the paramedics began removing the duct tape and tending to her traumatic conditions. *See* RT 25-26. Thus there was no basis for complaining about their use at sentencing and counsel cannot have been ineffective for failing to make a meritless motion to exclude them from the hearing.

## II.

**THE COURT DID NOT VIOLATE PETITIONER'S FAIR TRIAL RIGHTS BY ALLOWING THE PROSECUTOR TO INTRODUCE THE CRIME SCENE PHOTOS AT THE SENTENCING HEARING**

In a similar vein, petitioner asserts that his right to a fair trial was violated when the court permitted the prosecutor to introduce the crime scene photographs at the sentencing hearing. The crime scene photographs, taken by police at the time they entered petitioner's apartment, were part of the stipulated factual basis for petitioner's plea. There was no objection to the evidence then. There is no evidence of fabrication now, only petitioner's unsworn assertion that photographs of a scene he claims not to remember at all must be fabricated. He apparently believes at least one of the officers testified or otherwise described the victim as leaning against a slightly different wall, but that does not remove the duct tape, repair the ripped tongue, or undo the facial trauma that both the police reports and the photos depict. Petitioner's guilty plea on a stipulated factual basis that includes the police reports of which these photographs were a part simply precludes an attack on this evidence. Just as it was patently reasonable for the California court to reject the ineffective assistance claim as unsupported, it was reasonable to reject the claim of fabricated photographs as unsupported. Petitioner has simply failed to state a claim upon which habeas corpus relief could be based.

///

Mem. Of Points & Auth. In Opp. To The Petition For Writ Of Habeas Corpus - *Hamann v. Clark*, C 07-06008 TEH (PR)

///

///

### III.

**THE TRIAL COURT WAS NOT REQUIRED TO ADMONISH ON THE COLLATERAL CONSEQUENCE OF THE PLEA TO MAYHEM THAT IT WOULD SUBJECT PETITIONER TO VIOLENT FELONY CONDUCT CREDIT LIMITS**

We have shown in count one that petitioner has failed to state a claim for ineffective assistance of counsel on the basis of his unsworn assertion of lack of clarity about conduct credits. Similarly, petitioner has failed to state a claim that it was the court's responsibility to make sure that petitioner understood that entering a plea of guilty to a violent felony would subject him to the more limited violent felony conduct credits formula. California Penal Code section 2933.1 limits conduct credits to 15 percent of actual time served for persons convicted of the violent offenses enumerated in section 667.5. Mayhem is just such an offense. Petitioner observes that there is no specific admonishment on conduct credits in the record of his change of plea. However no such admonishment is required. Conduct credits are a collateral consequence of a plea in California. *People v. Barella*, 20 Cal.4th 261, 271-72. To require an admonition about conduct credits would make the trial court responsible:

> for advising defendants of a myriad of contingencies related to eligibility for good-time or work-time credits--an unduly burdensome task and one unnecessary to ensure the voluntariness of a guilty plea. [¶] Numerous factors inform the decision to release an inmate into law-abiding society, and courts need not inform the defendant of all the contingencies and possibilities that may ensue from a plea of guilty. Nor does the fair and efficient administration of justice require that the trial court inform the defendant of the theoretical minimum portion of a sentence that will have to be served in custody (taking into account potential in-prison conduct or work credits) when he or she pleads guilty to a term whose potential length may be greater; such knowledge, although important to the defendant who pleads guilty, is not required to facilitate a knowing and intelligent decision to plead. [Citation.]

*Id*.

This collateral consequences principle has also been recognized by the Supreme Court. "We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary . . . ." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The rate a which conduct credits accrue, is simply

Mem. Of Points & Auth. In Opp. To The Petition For Writ Of Habeas Corpus - *Hamann v. Clark*, C 07-06008 TEH (PR)

9

1 a measure of the minimum parole eligibility date.  Once again, petitioner has completely failed to
2 state a claim upon which relief can be based.

**CONCLUSION**

Accordingly, respondent respectfully requests that the petition for writ of habeas corpus be denied.

Dated: September 5, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

GREGORY A. OTT
Deputy Attorney General


/s/ Catherine A. Rivlin
_____
CATHERINE A. RIVLIN
Supervising Deputy Attorney General

Attorneys for Respondent

CAR:cr/je
SF2008401151

Mem. Of Points & Auth. In Opp. To The Petition For Writ Of Habeas Corpus - *Hamann v. Clark*, C 07-06008 TEH (PR)

11